# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**NAPOLEON L. EDWARDS**                                                        **PETITIONER**

**V.**                                **NO. 3:17-CV-176-DMB-JMV**

**MARSHALL COUNTY**
**CORRECITONAL FACILITY, et al.**                                         **RESPONDENTS**

## ORDER OF DISMISSAL

Before the Court for consideration is the Report and Recommendation of United States Magistrate Judge Jane M. Virden regarding Napoleon L. Edwards' petition for writ of habeas corpus. Doc. #14.

## I
## Procedural History

On or about September 8, 2017, Napoleon L. Edwards filed a "Brief" in this Court which, although less than clear, appears to be a challenge two Rule Violation Reports ("RVRs") issued to him while a prisoner at the Marshall County Correctional Facility. Doc. #1. After being directed to respond, the respondents filed a motion to dismiss on July 9, 2018. Docs. #7, #12. The motion argues that Edwards' claims should be dismissed as procedurally defaulted or for failure to exhaust. *Id*. at 9–14.

On November 19, 2018, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") which recommends that this action be treated as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Doc. #14 at 11. Specifically, Judge Virden found that Edwards' petition did not implicate the jurisdiction of § 2241 because it would not impact the

fact or duration of his confinement. *Id*. at 10. The R&R also recommends that the motion to dismiss be granted. *Id*. at 1.

Edwards filed objections to the R&R on or about December 4, 2018. Doc. #16. The respondents responded to Edwards' objections on December 20, 2018. Doc. #17.

**II**
**Analysis**

Under 28 U.S.C § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

Although Edwards asserts three independent objections, only one relates to the R&R's conclusion that this Court lacks jurisdiction.[1] *See generally* Doc. #16. This objection argues that because the Mississippi Supreme Court rejected the appeal related to Edwards' RVRs, he is entitled "to proceed with the next higher court which in this case is the Mississippi Northern District Court (Oxford Division)." *Id*. at 6. Edwards' argument confuses the requirement of exhaustion of state remedies with the separate rule that a § 2241 petition falls outside this Court's jurisdiction if the petition would not impact the fact or duration of the petitioner's confinement. *Henrikson v. Guzik*, 249 F.3d 395, 397 n.4 (5th Cir. 2001) ("[B]ecause Henrikson is not challenging the fact or duration of his confinement, subject matter jurisdiction is not present under § 2241."). Because there is no indication the RVRs at issue here would impact the fact or duration

---

[1] Edwards also asserts an objection to the R&R's recitation of the facts and procedural history of the case and to the conclusion that he failed to state a constitutional claim. *See* Doc. #16.

2

of Edwards' confinement,[2] this Court finds Judge Virden properly concluded that this Court lacks jurisdiction over Edwards' petition. The R&R will be adopted in this regard.

Having reached this conclusion, the Court declines to "tread[] in to the waters of hypothetical jurisdiction" by considering the R&R's alternative holding that Edwards' petition fails to state a claim. *Johnson v. United Airlines, Inc.*, No. 17-c-8858, 2019 WL 1239723, at *3 (N.D. Ill. Mar. 18, 2019) (internal quotation marks omitted); *see Staggs v. U.S. ex rel. Dep't of Health & Human Servs.*, 425 F.3d 881, 884 n.2 (10th Cir. 2005) (declining to consider alternative grounds for affirmance based on rejection of doctrine of hypothetical jurisdiction). Accordingly, the Court declines to adopt the R&R's conclusion that Edwards' petition fails to state a claim and the related recommendation that the motion to dismiss (which does not seek dismissal for lack of jurisdiction) be granted.

### III
### Conclusion

The Report and Recommendation [14] is **ADOPTED in Part and REJECTED in Part**. The R&R is ADOPTED to the extent it recommends that Edwards' petition be dismissed for lack of jurisdiction. The R&R is REJECTED to the extent it sets forth an alternative holding and to the extent it recommends that the motion to dismiss [12] be granted. Rather, the motion to dismiss [12] is **DENIED as moot**. Edwards' petition is **DISMISSED** for lack of jurisdiction.

**SO ORDERED**, this 22nd day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Beyond the 210-day loss of privileges imposed on him based on the RVRs, the only consequence of the RVRs alleged by Edwards in his objection is that he lost a job in the laundry room. *See* Doc. #16 at 10.